### NATIONAL UN. FIRE INS. CO. v. MULHOLLAND, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8261. Decided Oct. 24, 1927.

First Publication of this Opinion

Syllabus by Editorial Staff.

647. INSURANCE. — Failure to show, in proof of loss, "equitable interest"; without evidence of collusion or fraud does not invalidate policy.

Error to Municipal Court.

Judgment affirmed.

Ford, Taylor & Hasselman, Cleveland, for Fire Ins. Co.

P. J. Berry, Cleveland, for Mulholland.

STATEMENT OF FACTS.

In August of 1924, The National Union Fire Insurance Co., defendant below, executed and delivered to the Mulhollands, defendants in error, plaintiffs below, a fire insurance policy, indemnifying them against loss by fire upon premises located in the city of Lakewood, Ohio.

The family of one Steve O'Neill moved into said premises and lived there until Aug. 27th, 1926, when a fire occurred, and it was claimed that the damages by reason thereof amounted to some $2402.12. Within sixty days, as provided by the terms of the policy, a proof of loss was furnished and, thereupon, the insurance company refused to pay the claim on the ground that the proof of loss failed to show what is called the "equitable interest" of Steve O'Neill in the premises damaged by fire, and it is claimed that the requirement to do so is one of the provisions of the contract of insurance. The evidence is conflicting as to whether the O'Neills, the tenants, were paying the rent or making partial payments upon the property. The O'Neills claimed that they were paying rent in advance, whereas the Insurance Company claims that these payments were to apply upon the purchase of the property which still remained in the name of the Mulhollands.

OPINION OF THE COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, P. J.

The authorities are unanimous on the proposition that one of the purposes of serving proof of loss is to acquaint the insured with the facts, or with the medium by which the facts may be ascertained fully by the insured. It is conceded that the company became aware of the facts in plenty of time to protect itself in the payment of the insurance, and inasmuch as there is no evidence of collusion or fraud, the mere fact that there was no disclosure of the situation that appears in the record would not, in and of itself, avoid the policy, for the reason that no harm could come to the insurance company, and that there is no evidence of intent to defraud, although it would appear, from the evidence, that the serious conflict thereof is sufficient to make inquiry as to the purpose of the payments. We think, however, that it is a question of pure law and that, under the record, there is no prejudicial error. It is not clear that the O'Neills had any equitable interest that was based upon any document which would make the foundation for such a claim.

The attitude of courts, under a situation as appears by the record in this case, is apparent in Acer v. Merchants' Ins. Co. (N.Y.) 57 Barb. 68, which is worth reading in connection with the question at issue here. We quote:

"It was not the understanding or intention that any other person who might have a separate interest in the property, and not connected in interest with the plaintiff, and having no interest in his insurance, might avoid the plaintiff's contract by obtaining an insurance on his own interest in the property without the plaintiff's knowledge or consent. Such a construction would render the contract exceedingly harsh, unreasonable, and oppressive, and the parties will not be deemed to have so contracted, if the language used by them fairly admits of a different interpretation. By this rendering, the 'parties interested' are considered to mean those interested with the plaintiff in his contract, instead of outside persons, who might have some distinct and separate interest in the property."

Thus holding, the judgment of the court below is hereby affirmed.

(Levine and Vickery, JJ., concur.)